NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARRIN ESPINOSA,

            Plaintiff-Appellant,

    v.

CONTRA COSTA COUNTY,

            Defendant-Appellee.

No. 22-15130

D.C. No. 4:19-cv-08055-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 16, 2023[**]

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

    Darrin Espinosa appeals pro se from the district court's summary judgment

in his employment action alleging disability discrimination under the Americans

with Disabilities Act ("ADA") and the California Fair Employment and Housing

Act ("FEHA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

novo. *Shelley v. Geren*, 666 F.3d 599, 604 (9th Cir. 2012). We affirm.

The district court properly granted summary judgment on Espinosa's discrimination claims because Espinosa failed to raise a genuine dispute of material fact as to whether he was capable of performing the essential functions of the job with or without reasonable accommodation. *See Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 745 (9th Cir. 2011) ("The FEHA prohibits discrimination against any person with a disability but, like the ADA, provides that the law allows the employer to discharge an employee with a physical disability when that employee is unable to perform the essential duties of the job even with reasonable accommodation."); *Dark v. Curry County*, 451 F.3d 1078, 1089 (9th Cir. 2006) ("The ADA does not require an employer to exempt an employee from performing essential functions or to reallocate essential functions to other employees."); *see also Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1188 (9th Cir. 2001) (concluding that employer was under no affirmative obligation to provide an accommodation for employee who never requested an accommodation).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

We treat Espinosa's motions (Docket Entry No. 14) as motions to

supplement the record on appeal and deny the motions.

**AFFIRMED.**